BONNET-BROWN SALES SERVICE, Appellant, v. O. F. UTT, Doing Business as COLE CAMP COURIER.—19 S. W. (2d) 888.

Division Two, August 6, 1929.

*Bohling & Bohling* for appellant.

590

*Henry P. Lay* for respondent.

HENWOOD, C.—This is a suit on a judgment rendered in the Municipal Court of Chicago, Illinois, in the sum of $375. A jury was waived, and the trial, before the court, resulted in a finding and judgment for the defendant. Plaintiff's appeal brings the case here for review, because, under the pleadings, the constitutional rights of the parties are involved.

Omitting formal parts, the pleadings read as follows:

"PETITION.

"Plaintiff states that it is a corporation duly organized under the laws of the State of Illinois, and as such has power to sue and liable of being sued.

"Plaintiff, for its cause of action, states that on the 3rd day of March, 1925, in the Municipal Court of Chicago, held in the city of Chicago, in the County of Cook, and State of Illinois, it recovered a judgment against the defendant for the sum of three hundred and seventy-five dollars ($375); that said court is a court of record and had jurisdiction of said cause; that plaintiff now sues upon said judgment in this court.

"WHEREFORE, plaintiff prays judgment against the defendant for the sum of three hundred and seventy-five dollars ($375), with six per cent interest thereon from the 3rd day of March, 1925, and for costs of suit.

"ANSWER

"Comes now the above named defendant, and for answer to plaintiff's petition denies each and every allegation therein contained.

"And, further answering, the defendant says that the Municipal Court of Chicago did not have jurisdiction either over the subject-

matter of the action or the person of this defendant, so that the pretended judgment of said court, if rendered, was and is void.

"That said alleged and pretended judgment was rendered, if at all, without service of summons upon this defendant, and without the appearance of the defendant or any person authorized to appear for him.

"That the defendant had and has a good and meritorious defense to the pretended cause of action upon which said pretended judgment was based.

"And that said pretended judgment of the said municipal court should not be enforced or given any faith or credit in this State, because to do so would deprive this defendant of his property without due process of law, contrary to the provisions of Section 30 of Article Two of the Constitution of Missouri, and Section 1 of Article XIV of the Constitution of the United States.

"REPLY

"Plaintiff states that the cause of action herein arises upon a judgment for a debt confessed by the defendant on a warrant of attorney through the filing of a cognovit therein confessing the action; and that said judgment was rendered by a court of competent jurisdiction of the State of Illinois.

"Plaintiff further states that under the laws of the State of Illinois, to-wit, Chapter 110, Section 88, of the Illinois Revised Statutes for the year 1921, it is provided: 'Any person for a debt bonafide due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof, become liens in like manner and extent as judgments entered in term;' and that the Supreme Court of the State of Illinois, in the case of Roche v. Beldam, 119 Illinois 321, has held a judgment so entered by confession valid and binding; and that the cause of action against the defendant in Illinois is now merged into the judgment which constitutes the cause of action in this court.

"Plaintiff further states that the judgment constituting the cause of action herein complies with the requirements of Section 1519 of the Statutes of the United States of 1918, as set forth in Volume Three, at page 4283, of the Revised Statutes of Missouri for the year 1919.

"Plaintiff pleads Article Four, Section One, of the Constitution of the United States, which provides that 'full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State.'

"Plaintiff further states that if this court should hold the judgment rendered in the State of Illinois, and which constitutes the

cause of action before this court, of no force and effect, it would violate the said constitutional provision above quoted, and deprive this plaintiff of property without due process of law, and deny to this plaintiff the equal protection of the law in contravention of Section One, Article Fourteen, of the Amendments to the Constitution of the United States, and Article Two, Section Thirty of the Constitution of the State of Missouri.

''Plaintiff further states that to permit defendant to interpose defenses available to defendant in the cause of action in Illinois, which has been merged into the judgment herein sued on, and which such defenses defendant in his answer seeks to interpose, would deprive this plaintiff of its property without due process of law in contravention of Section One, Article Fourteen of the Amendments to the Constitution of the United States, and Article Two, Section Thirty of, the Constitution of the State of Missouri; and deny to this plaintiff the equal protection of the laws guaranteed by Section One, Article Fourteen of the Amendments to the Constitution of the United States.

''Plaintiff, for further reply, denies each and every allegation of new matter in said answer contained.''

Plaintiff's Exhibits A and B, being the note sued on, and a copy of the judgment rendered thereon, in the Municipal Court of Chicago, Illinois, are in the following form:

''Exhibit A.

''Oct. 27th, 1922.

''For value received, the undersigned promises to pay to the order of BONNET-BROWN SALES SERVICE (a corporation) the principal sum of $340, in equal monthly installments of $18.89, payable on or before the fifteenth day of each month beginning Dec. 1, 1922, at the office of said Bonnet-Brown Sales Service, at Chicago, Illinois, or at such other place in the United States as the legal holder hereof may, from time to time, in writing appoint.

''And if default be made in the payment of any of said installments, the entire principal sum above mentioned, or any balance that may appear to be unpaid thereon, shall thereupon become due and payable immediately. The undersigned hereby constitutes irrevocably, any attorney of any court of record to appear for the undersigned in any court without process and confess a judgment in favor of the holder of this instrument, against the undersigned, for such amount as may appear to be due and unpaid thereunder, together with court costs and reasonable attorney fees, and waives all errors and right of appeal from said judgment and consents to immediate execution thereon. The undersigned hereby also waives and

releases any benefit, relief or protection of or from any exemption, valuation or stay laws which the undersigned might otherwise claim.

"(Signed) Cole Camp Courier,

By (Signed) O. F. Utt,

"(Duly Authorized Agent.)

"(Signed) Cole Camp.

(City)

"(Signed) Mo.

(State)

"Exhibit B.

"Now comes the plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney files herein a cognovit confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum set forth in said cognovit.

"Whereupon the plaintiff moves the court for final judgment herein. It is therefore considered by the court, that the plaintiff have and recover of and from the defendant, O. F. Utt, the damages of the plaintiff amounting to the sum of three hundred and seventy-five dollars ($375) in form as aforesaid confessed, together with the costs by the plaintiff herein expended and that execution issue therefor."

The plaintiff also offered in evidence Sec. 88, Chap. 110, p. 2684, Revised Statutes of Illinois for 1921, and the decision of the Supreme Court of Illinois in the case of Roche v. Beldam, 119 Ill. 320. The statute mentioned provides that:

"Any person for a debt bona-fide due may confess judgment by himself or attorney at the trial, either in term time or vacation, without process. Judgments entered in vacation shall be of like force and effect, and, from the date thereof, become liens in like manner and to the extent of judgments entered in term."

It was admitted at the trial that the Municipal Court of Chicago, Illinois, was, at the time in question, a court of record and of general civil jurisdiction, and competent to render the judgment sued on, if it had jurisdiction of the parties and subject-matter; also, that O. F. Utt is the owner of the Cole Camp Courier.

Subject to plaintiff's objections as to the competency and relevancy of such proof, it was also admitted "that the note, marked Exhibit A, was executed at Cole Camp, Missouri; that on October 27, 1922, and at all times thereafter, O. F. Utt was a resident of Cole Camp, Missouri; that the place of business of the Cole Camp Courier was at Cole Camp, Missouri; that at no time since October 27, 1922, was O. F. Utt or the Cole Camp Courier either a resident of or at any time within the limits of the State of Illinois; and that no other warrant of attorney, or authority of any kind, to confess

judgment, was signed by the defendant, except the one contained in Exhibit A.

I. Relying on the full-faith-and-credit clause of the Constitution of the United States and the act of Congress .in pursuance thereof, appellant (plaintiff below) contends that the trial court erred in permitting the defendant to attack, by parol evidence, the jurisdiction of the Municipal Court of Chicago, Illinois, in which the judgment sued on was rendered, and in basing its finding and judgment for the defendant upon such evidence.

In the early case of Marx v. Fore, 51 Mo. 1. c. 74, it was held that: "Citizens are not driven to foreign states to protect their rights. If they have a legal right, or are being subjected to a wrong, they may look for protection to the tribunal having jurisdiction over them and the subject-matter, if the opposite party has placed himself within this jurisdiction."

While the rule followed in that case limited the right to attack the jurisdiction of the courts of other states to cases in which equitable defenses were interposed, the Supreme Court of the United States and the courts of practically all of the states, have long since disregarded that limitation. As said by RAGLAND, C., in the case of Stuart v. Dickinson, 290 Mo. 516, 1. c. 547, 235 S. W. 1. c. 455: "Neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered, and accordingly when a judgment recovered in one state is pleaded or presented in the courts of another state, whether as a cause of action or a defense or as evidence, the party sought to be bound or affected by it may always impeach its validity and escape its effect by showing that the court which rendered it had no jurisdiction over the parties or the subject-matter of the action. And the recitals in the record of any such judgment, on the subject of jurisdiction, may be controverted by extraneous evidence." See cases cited; also Sewing Machine Co. v. Radcliffe, 137 U. S. 287; Cooper v. Newell, 173 U. S. 555.

It seems perfectly clear, therefore, that the trial court properly permitted the defendant to challenge the jurisdiction of the Illinois court, which rendered the judgment sued on, and properly considered the evidence and admissions of the parties bearing upon that question. It is not claimed that the defendant was served with process in the suit on the note in Illinois, nor that the defendant entered his appearance therein. On the contrary, it is admitted that the

note (Exhibit A) was executed in Cole Camp, Missouri, and that the defendant was not at any time thereafter a resident of Illinois, nor within the limits of that State. The note, as shown above, contains the following provisions: "The undersigned hereby constitutes irrevocably, any attorney of any court of record to appear for the undersigned in any court, without process and confess a judgment in favor of the holder of this instrument, against the undersigned, for such amount as may appear to be due and unpaid thereunder, together with the court costs and reasonable attorneys fees, and waives all errors and right of appeal from said judgment and consents to immediate execution thereon." The recital in the judgment (Exhibit B), also shown above, is as follows: "Now comes the plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney files herein a cognovit confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum set forth in said cognovit." Thus, it plainly appears that the judgment sued on is not supported by the warrant of attorney contained in the note, because the judgment fails to show that an attorney of the Municipal Court of Chicago, Illinois, appeared for the defendant and confessed judgment against defendant, as provided in the note. In the case of Bank v. White, 220 Mo. l. c. 727, 120 S. W. l. c. 38, Judge GRAVES said: "It must be apparent that the power of such an instrument as the one before us should be construed with minute strictness. Not only so but the proceedings thereunder, if valid at all, must be within the strict letter of the warrant of attorney. [23 Cyc. 705; Cushman v. Welsh, 19 Ohio St. 536; Sewing Machine Co. v. Radcliffe, 137 U. S. 287; Bank v. St. John, 5 Hill (N. Y.) l. c. 500; Grubbs v. Blum, 62 Tex. 426; Tidd's Practice (4 Am. Ed.), 551.]

"If the court acquired jurisdiction of the defendant at all it was by virtue of the terms of the instrument before us. And if the court could act at all it must act within the strict purview of the instrument giving it jurisdiction, and enter a judgment as by the terms of the instrument directed, and not otherwise. [Cushman v. Welsh, supra.]" In this connection, see also Crim v. Crim, 162 Mo. l. c. 559, 63 S. W. l. c. 493, relied on by appellant. It follows, from what has been said, that the court which rendered the judgment sued on did not have jurisdiction over the defendant.

It may be conceded that the note was an Illinois contract, because of the provision for its payment in Illinois; that, under the Illinois statute and the warrant of attorney contained in the note, any at-

torney of the Municipal Court of Chicago was authorized to appear for the defendant and confess judgment against him, without process; and that the Supreme Court of Illinois held, in the case of Roche v. Beldam, 119 Ill. 320, that the. record of a judgment so rendered "imports verity, and cannot be contradicted by parol," and that the record "is conclusive upon all parties until altered or set aside by a court of competent jurisdiction." The judgment sued on may be perfectly valid in Illinois and enforced against any property of the defendant situated in that state. But, in any event, it is void and of no force or effect in this state, for the reason that the Municipal Court of Chicago, in which it was rendered, did not acquire jurisdiction over the defendant. [Sewing Machine Co. v. Radcliffe, supra; Cooper v. Newell, supra; Stuart v. Dickinson, supra.]

II.   In view of this conclusion, it becomes unnecessary to consider other questions presented in the briefs and oral arguments of counsel.

The judgment rendered below is affirmed. *Davis* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.