# MARCH, 1940.

GEORGE EDWARD DAY SONS, APPELLANT, V. JEFFERSON ROBB ET AL., RESPONDENTS.—139 S. W. (2d) 533.

Kansas City Court of Appeals. April 1, 1940.

Certiorari quashed. April 18, 1941. 149 S. W. (2d) 812.

*Rieger & Rieger* and *Edward J. Flynn* for appellant.

*John Campbell* for respondents.

KEMP, J.—This suit was brought in the Circuit Court of Adair County, Missouri, upon a judgment obtained by the appellant against respondents in the Circuit Court of Sangamon County, Illinois. By agreement of the parties, a jury was waived, and the case was tried before Honorable Walter M. Hilbert, sitting as Special Judge. There was a judgment for the defendants, from which judgment plaintiff has duly prosecuted this appeal. We shall continue to refer to appellant as plaintiff, and to respondents as defendants.

The record shows that on May 10, 1932, each of the three defendants signed, at Springfield, Sangamon County, Illinois, a promissory note in the principal sum of $1200, with interest from date at the rate of five per cent per annum, payable in monthly installments beginning June 1, 1932. Included in its terms, the note contained the following warrant of attorney and acceleration clause, to-wit:

"And to secure the payment of said amount, we hereby authorize, irrevocably, any attorney of any Court of Record to appear for us in such Court, in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, together with costs and ten per cent (10) attorney's fees, and to waive and release all errors which may intervene upon such judgment hereby ratifying and confirming all that said attorney may do by virtue hereof.

"It is expressly agreed and covenanted that in case of default of payment of any of the monthly installments that all remaining installments shall at the option of the holder become immediately due and payable without notice."

Endorsements on the back of the note showed payments by defendants of installments up until February, 1933, but none thereafter. Following defaults in the payment of further installments, and on June 22, 1937, plaintiff filed suit on said note in the Circuit Court of Sangamon County, Illinois, alleging that there was then due upon said note, for principal and interest, the aggregate sum of $1011.91, and the further sum of $101 for attorney's fees, or a total amount of $1112.91.

The record shows that on the same day the suit was filed, Robert E. Harmon, purportedly acting as attorney for the defendants under the terms of the note, waived service of process and entered the appearance of defendants and confessed that defendants were indebted to plaintiff, as alleged in plaintiff's petition or complaint, and agreed that judgment be entered against defendants for the said sum of $1112.91. Plaintiff offered evidence tending to show the genuineness of the signatures of the defendants to the instrument sued upon. Whereupon, the court rendered judgment in favor of plaintiff and against the defendants, the terms of said judgment being hereinafter more particularly referred to.

Thereafter, plaintiff instituted suit on this foreign judgment in the Circuit Court of Adair County, Missouri, as aforesaid.

The answer in the instant suit consisted of a general denial and the following special pleas: That the signatures of the defendants to the note did not confer any authority upon any person to enter the appearance of the defendants to any suit or action within the State of Illinois, or elsewhere; that the Sangamon County Circuit Court of Illinois did not have jurisdiction either of the subject-matter of the purported action set out in the petition or of the persons of the defendants, and hence the pretended judgment sued upon was void; alleged that the "pretended judgment was rendered, if at all, without service of summons or other process upon these defendants or either of them or of any person authorized to appear for them or either of them," and that said pretended judgment "should not be enforced or given any faith or credit in this state, because to do so would deprive these defendants and each of them of their property without due process of law, contrary to the provisions of Section 20 of Article II of the Constitution of Missouri, and Section 1 of Article XIV of the Constitution of the United States."

Upon the trial of the suit on the judgment, plaintiff offered in evidence a complete transcript of the proceedings in the Circuit Court of Sangamon County, Illinois, before the Honorable Lawrence E. Stone, Judge of the Seventh Judicial Circuit of said State, which

transcript contained the judgment roll pertaining to said cause of action and narr and *cognovit* and note attached thereto, all of which court record was duly certified under the Act of Congress. There were no findings of fact or conclusions of law requested or given.

The sole question raised by the briefs on either side is whether or not Robert E. Harmon, who was unknown to the defendants, was authorized and empowered to waive service of process upon behalf of the defendants and to enter their appearance and to confess judgment.

In a brief comprising approximately one and one-half printed pages, defendants urge that the judgment rendered in their favor in this case should be affirmed on grounds completely summarized in the concluding paragraph of their brief, which is as follows:

"Inasmuch as the Illinois record herein fails to show that Harmon was an attorney of 'any Court of Record,' the requirement stated in the narr and *cognovit*, plaintiff-appellant's suit failed, there being no other basis of jurisdiction, and an absence of process or entry of appearance; and the court below so held. Appellant's statement, as is the recital of the Illinois record, Exhibit 1, that Harmon was the 'authorized' attorney of defendants, amounts only to a mere conclusion."

In support of this contention, defendants cite a single authority, to-wit, Bonnet-Brown Sales Service Co. v. Utt, 19 S. W. (2d) 888. Defendants urged that upon facts closely analogous to those in the case at bar, it was there ruled that the record did not show a strict compliance with the provisions of the warrant of attorney in the note, in that it failed to disclose that the person purporting to appear on behalf of defendant and to enter his appearance and to confess judgment against him, was in fact an attorney of the Municipal Court of Illinois, wherein judgment was rendered against the defendant, and hence the Illinois court had failed to acquire jurisdiction over the person of the defendant.

It is held in that case that the provisions of a warrant of attorney in a note, such as the note here involved, must be construed "with minute strictness," and that "the proceedings thereunder, if valid at all, must be within the strict letter of the warrant of attorney." This rule has been uniformly recognized and applied to cases of this character by the appellate courts of this State.

A careful examination of the opinion in the Bonnet-Brown case convinces us, however, that the facts from which the court there found that the Illinois court had not acquired jurisdiction of the person of the defendant, are clearly distinguishable from the facts in the case at bar. In that case, the provisions with respect to the warrant of attorney were practically identical with the provisions with respect to warrant of attorney in the case at bar. So far as the opinion in the Bonnet-Brown case discloses, the only reference to a

person purporting to appear on behalf of the defendant, and to waive process, and to enter defendant's appearance, and to confess judgment against defendant, is set out in the judgment in the following language:

"Now comes the plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney files herein a *cognovit* confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum set forth in said *cognovit*."

The court, after quoting the foregoing language, said:

"Thus it plainly appears that the judgment sued on is not supported by the warrant of attorney contained in the note, because the judgment fails to show that an attorney of the Municipal Court of Chicago, Illinois, appeared for the defendant and confessed judgment against the defendant, as provided in the note. . . . If the court acquired jurisdiction of the defendant at all, it was by virtue of the terms of the instrument before us, and if the defendant could act at all, it must act within the strict purview of the instrument giving it jurisdiction, and enter a judgment as by the terms of the instrument directed and not otherwise. . . . It follows from what has been said that the court which rendered the judgment sued on did not have jurisdiction over the defendant."

It will be noted in that case that there is a total absence of any finding or recital with respect to who undertook to appear on behalf of the defendant and to exercise the power and authority authorized by the terms of the warrant of attorney. The warrant of attorney authorized "any attorney of any court of record to appear for the undersigned in any court without process and confess a judgment in favor of the holder of this instrument against the undersigned, . . ." So far as the opinion discloses, there was not the slightest suggestion in the record as to whether the party purporting to appear was in fact an attorney of any court of record. Under such circumstances, the rule requiring a showing of strict compliance with the terms of the warranty of attorney would compel the conclusion that the judgment therein rendered was void because of the failure of the record to show that the court had any jurisdiction of the person of the defendant.

In the case at bar, however, we think, under the authorities of the appellate courts of this State, that the record sufficiently discloses a strict compliance with the provisions of the warrant of attorney contained in the note here involved. The record in the case at bar shows that there was filed in the Circuit Court of Sangamon County, Illinois, the following "Confession:"

"And the said Jefferson Robb, Ruth E. Robb and Fred E. Robb defendants in the above entitled cause, by *Robert E. Harmon their attorney,* waiving service of process, come and say that he confess

the action of the plaintiff and that they the defendants are indebted to the plaintiff in the sum of One Thousand Eleven and 91/100 ($1011.91). Dollars for principal and interest due upon the promissory note mentioned in the complaint herein and also in the sum of One Hundred One and no/100 ($101.00) Dollars or such sum as the court may allow for the reasonable attorney's fees of the plaintiff, in and about the entering of judgment by virtue hereof. And the defendants agree (1) that the judgment may be entered against them accordingly for the sum of $1112.91 and also for costs of suit. And they waive and release all errors that may intervene in any such proceedings, and they consent to immediate execution upon said judgment.

(Signed) <em>Robert E. Harmon,</em><br>Attorney for defendant."

The judgment entered in the cause was, in part, as follows:

"And now on this 22nd day of June, A. D. 1937, comes the above named plaintiff by Edward J. Flynn, Attorney and *Robert E. Harmon, the authorized attorney for the defendants* also comes, and upon leave of court given to plaintiff herein this cause is docketed; *and the attorney* for said defendants, after waiving the necessity for the issuing and service of process, enters the appearance of the defendants herein, and with the assent of the plaintiff, confesses that the defendants is indebted to said plaintiff in the sum of One Thousand One Hundred Twelve 91/100 Dollars, and agrees that judgment may be entered for that amount and the costs of this suit. . . ."

(This is followed by the judgment of the court in harmony with said "Confession.")

This precise situation was presented in the case of Jarrett v. Sippely, 175 Mo. App. 197. The language of the warrant of attorney there before the court was, in all respects here material, identical with that in the case at bar. The *cognovit* recited that the makers of the note appeared before the clerk of the court "by their attorney," and said *cognovit* was signed "W. P. Martindale, defendant's attorney." the judgment contained the following recital:

"and also come the defendants by W. P. Martindale, their attorney, who enters the appearance of the defendants herein, files his *cognovit*, waives issues and service of process, and confesses judgment in favor of the plaintiff and against the defendants . . ."

The defendants there objected to the reception of the certified copy of the judgment in evidence, on the the ground "that it does not find as a fact that W. P. Martindale, who pretended to represent defendants, was, at the time of the rendition of the judgment offered in evidence, an attorney of record of the Circuit Court of Adams County, State of Illinois." In passing upon the point, the court there said, l. c. 212, 213:

"It is said by counsel for appellants that it does not appear that the attorney who signed the *cognovit* was an attorney 'of any court of record.' The certificates of the clerk and that of the judge show that the Circuit Court of Adams County, Illinois, is a court of record; *the clerk of that court accepted the cognovit as being signed by an attorney; the judgment recites that the person who signed the cognovit is an attorney. We think it a fair presumption that he was an attorney of that court."* (Italics ours.)

The court then held that this was a valid judgment of a court of record in the State of Illinois and, as such, was entitled to full faith and credit in the courts of this State. The validity of foreign judgments rendered under circumstances analogous to those in the case at bar was likewise upheld in the case of Crim v. Crim, 162 Mo. 544.

The record in this case shows a valid judgment rendered by an Illinois court. A valid judgment rendered in Illinois is equally valid in Missouri (Walter L. Lacey Co. v. National Finance Corporation, 79 S. W. (2d) 1078), and must be given full faith and credit in this State.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter a judgment in favor of the plaintiff and against the defendants for the amount found to be due upon said foreign judgment. All concur.