STATE OF MISSOURI at the relation of JEFFERSON ROBB, RUTH E. ROBB and FRED E. ROBB, Petitioners, v. HOPKINS B. SHAIN, EWING C. BLAND and WILLIAM E. KEMP, as Judges of the Kansas City Court of Appeals.—149 S. W. (2d) 812.

Division One, April 18, 1941.

*John Campbell* for petitioners.

*Rieger & Rieger* and *Edward J. Flynn* for respondents.

HYDE, C.—This is a proceeding in certiorari seeking to quash the opinion of the Kansas City Court of Appeals in the case of George Edw. Day Sons v. Robb, 139 S. W. (2d) 533. Conflict with the decision of this court, in Bonnet-Brown Sales Service Co. v. Utt, 323 Mo. 589, 19 S. W. (2d) 888, is claimed.

In both cases, the suit was upon an Illinois judgment, which had been entered by confession under the provisions of a warrant of attorney contained in a promissory note. In both, the note authorized "irrevocably, any attorney of any Court of Record to appear" (for the makers), and, ("without process") "confess a judgment in favor of the holder of this note (instrument) for such amount as may appear to be unpaid thereon" (due and unpaid), and attorney's fees. (The note herein said: "To appear for us in such court, in term time or vacation, at any time hereafter;" while the Bonnet-Brown note said: "To appear for the undersigned in any court.") Therefore, there is no substantial difference in these provisions of the notes involved: However, the Bonnet-Brown note (although payable in Illinois) was executed in Missouri by a citizen of this State who was never in Illinois at any time before the judgment was rendered in that State. Here the note was executed in Sagamon County, Illinois, by residents of that county and State (who later moved to Missouri) and judgment was entered in the Circuit Court of that county.

The Court of Appeals held that there was a substantial difference in the two judgments. The judgment on the Bonnet-Brown note was, as follows:

"Now comes the plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney files herein a *cognovit* confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum set forth in said *cognovit*.

"Whereupon the plaintiff moves the court for final judgment herein. It is therefore considered by the court that the plaintiff have and recover of and from the defendant, O. F. Utt, the damages of the plaintiff amounting to the sum of Three Hundred Seventy-five Dollars ($375.00) in form as aforesaid confessed, together with the costs by the plaintiff herein expended and that execution issue therefor."

The judgment in this case was:

"And now on this 22nd day of June, A. D. 1937, comes the above named plaintiff by Edward J. Flynn, Attorney, and Robert E. Harmon, the authorized attorney for the defendants also comes, and upon leave of court given to plaintiff herein this cause is docketed; and the attorney for said defendants after waiving the necessity for the issuing and service of process, enters the appearance of the defendants herein, and with the assent of the plaintiff, confesses that the defendants is (are) indebted to said plaintiff and the sum of One Thousand One Hundred Twelve 91/100 Dollars, and agrees that judgment may be entered for that amount and the costs of this suit.

"Proof of execution of note and power of attorney and amount due having been made in open Court.

"It is therefore considered and adjudged by the Court that the plaintiff have and recover of and from the defendant the sum of One Thousand One Hundred Twelve 91/100 Dollars, the amount confessed as aforesaid, as well as the costs by it herein expended, and that execution issue therefor."

The ruling of the Court of Appeals was as follows:

"A careful examination of the opinion in the Bonnet-Brown case convinces us, however, that the facts from which the court there found that the Illinois court had not acquired jurisdiction of the person of the defendant, are clearly distinguishable from the facts in the case at bar. . . . It will be noted in that case that there is a total absence of any finding or recital with respect to who undertook to appear on behalf of the defendant and to exercise the power and authority authorized by the terms of the warrant of attorney. . . . So far as the opinion discloses, there was not the slightest suggestion in the record as to whether the party purporting to appear was in fact an attorney of any court of record. Under such circumstances, the rule requiring a showing of strict compliance with the terms of the warrant of attorney would compel the conclusion that the judgment therein rendered was void because of the failure of the record to show that the court had any jurisdiction of the person of the defendant. In the case at bar, however, we think, under the authorities of the appellate courts of this State, that the record sufficiently discloses a strict compliance with the provisions of the warrant of attorney contained in the note here involved. . . . The record in this case shows a valid judgment rendered by an Illinois court. A valid judgment rendered in Illinois is equally valid in Missouri (Walter L. Lacey Co. v. National Finance Corporation, 79 S. W. (2d) 1078), and must be given full faith and credit in this State."

The conflict claimed is as follows:

"I. Said Court of Appeals' opinion holds that 'Harmon,' who was unknown to relators, was authorized to enter relator's appearance in the Illinois court proceedings at issue, by virtue of the so-called

'warrant of attorney,' despite the fact that the record of said Illinois court in said proceedings does not show said Harmon to be an attorney of a court of record. The Supreme Court, in said Bonnet-Brown case, holds that in the absence of such showing in the foreign court, the so-called 'warranty of attorney' gives no power, the foreign court is without jurisdiction, and the judgment is void. . . .

"II. Said opinion of the Court of Appeals holds that a valid judgment rendered in Illinois is equally valid in Missouri and must be given faith and credit in this State, which holding is directly in conflict with the said opinion of this, the Supreme Court, in said Bonnet-Brown case (19 S. W. (2d) l. c. 891), which holds that, in like circumstances, 'the judgment sued on may be perfectly valid in Illinois and enforced against any property of the defendant situated in that State. But, in any event, it is void and of no force or effect in this State.' "

As to the first ground, we think that the distinction between the two judgments made by the Court of Appeals is sound. Clearly there was a failure of the record in the Bonnet-Brown case to show any action, on the warrant of attorney, by any one authorized to do so. It does not show that any attorney acted for defendant under it because it neither names any attorney who acted nor even states that an attorney did act. Literally read, it states that the defendant himself acted under it for himself. Defendants' evidence showed that was not true. If any one else did act, the judgment does not show it. In this case, the judgment stated the name of the attorney, who acted for defendants under the warrant of attorney, and recited that he was "the authorized attorney for the defendants." This was in effect a finding that he was an attorney of the court of record in which he appeared. Because of this difference in the two judgments (which we think is substantial), the ruling of the Court of Appeals cannot be held to conflict with the ruling of this court in the Bonnet-Brown case. Relator cites First National Bank v. White, 220 Mo. 717, 120 S. W. 36, in which this court held that such a *cognovit* provision in a note was against the public policy of this State and refused to enforce it. However, such a provision is valid and enforceable under the law of Illinois, as shown by the authority cited in the Bonnet-Brown case. We must, as held in the First National Bank case, give full faith and credit to such a judgment, valid on its face, sued on in this State. [See Crim v. Crim, 162 Mo. 544, 63 S. W. 489, 54 A. L. R. 502; Cook's Estate v. Brown, 346 Mo. 281, 140 S. W. (2d) 42; Restatement of Conflict of Laws, sec. 81, Mo. Annotations, p. 28, 46 Laws Series (U. of Mo. Bulletin) 26; 34 C. J. 123-129, secs. 317-330; 31 Am. Jur. 329, sec. 817.] We must, therefore, hold that this claimed ground of conflict cannot be sustained.

As to the second ground of conflict, it is apparent that (in the part hereinabove quoted which is *obiter dictum,* because the court

had no such situation before it) the court must have had in mind judgments *in rem* to be enforced against property. A valid judgment *in personam* must, of course, be given full faith and credit under the United States Constitution. Valid judgments under warrant of attorney to confess judgment are in this class. [For authorities see notes 40 A. L. R. 441, 89 A. L. R. 1503.] Obviously the basis of the decision in the Bonnet-Brown case was not that a valid Illinois judgment *in personam* could be denied full faith and credit in Missouri, but that the invalidity of the purported judgment therein, for lack of jurisdiction to enter a personal judgment against the defendant, appeared from the record and was substantiated by defendant's proof. The ruling, as stated immediately following this quotation (set out in relators' second ground of conflict) is that "in any event, it is void and of no force and effect in this State, for the reason that the Municipal Court of Chicago, in which it was rendered, did not acquire jurisdiction over the defendant." Of course, if that is true there was not and could not have been a valid judgment *in personam* in Illinois. Therefore, certiorari cannot be sustained on the second ground.

It is ordered that our writ of certiorai be quashed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.