CLARA RIDDLE MORSE, GEORGIA RIDDLE MORSE, and DOROTHY RIDDLE MORSE, Appellants, v. CONSOLIDATED UNDERWRITERS.—163 S. W. (2d) 586.

Division One, July 1, 1942.

*Jones, Biggs, Curtis & Crossen* and *Ralph B. Graham, Jr.,* for appellants.

786

*Fordyce, White, Mayne, Williams & Hartman, E. C. Hartman* and *G. Carroll Stribling* for respondent.

HYDE, C.—This is an action in equity for $18,609.00 claimed due from an insurer of liability under the Workmen's Compensation Act. The trial court found for defendant and dismissed plaintiffs' petition. Plaintiffs have appealed.

Plaintiffs, as dependents of Edward A. Morse, deceased, had sought an award under the Workmen's Compensation Act for $18,609.00. Such an award was made by a referee of the Workmen's Compensation Commission upon the authority of Klasing v. Fred Schmitt Contracting Co., 335 Mo. 721, 73 S. W. (2d) 1011. Thereafter, the Commission reversed the referee's award and made an award in favor of the employer and insurer. This was affirmed in the Circuit Court and in this court. [Morse v. Potosi Tie & Lumber Co., 130 S. W. (2d) 477.] When he was killed, in 1936, Morse was vice-president of the company and was receiving a salary of $400.00 per month. He had received more than $3600.00 during each and every year. (1925-1936.) We held that the express terms of Section 3305 (a), R. S. 1929 (Sec. 3695 (a), R. S. 1939) excluded him from the provisions of the Workmen's Compensation Act.

Plaintiffs' contention is that "a decision of this Court, overruling a prior construction of a Missouri statute, is prospective only and not retrospective in its effect;" and that a court of equity should "give a prospective and not a retrospective effect to the new rule of construction of the Workmen's Compensation Act by granting to appellants the relief to which they were entitled under the rule of construction which was in effect at the time their cause of action

accrued.'' Plaintiffs cite State ex rel. May Department Stores v. Haid, 327 Mo. 567, 1. c. 586, 38 S. W. (2d) 44; Klocke v. Klocke, 276 Mo. 572, 208 S. W. 825; also 21 C. J. 329, Sec. 194; 14 Amer. Jur. 345, sec. 130, and cases from other states.

Plaintiffs plead and rely upon the following statement in the Klasing case as the construction of the statute which would have authorized an award in their favor (73 S. W. (2d) 1. c. 1015) : ''Our conclusion is that it was the legislative intent that the excluding provision in our statute should apply only to employment under a contract for a definite term of one full year or more at a fixed or determinable salary or wage.'' Plaintiffs say this meant that ''Morse was an employee within the jurisdiction of the act, since he was employed on a month-to-month basis and was not under contract of hire for a definite term of one full year or more.''

The trouble with plaintiffs' contention is that it is based not on what was actually ruled in the Klasing case, but upon a misconception of the ruling in that case. In the first place the above quotation, upon which plaintiffs rely, is not even the whole sentence, but only the first part of the sentence in which it appears. (It is the omitted portion that deals with a situation like this case where the term of employment had lasted longer than one year.) The whole sentence, considered in the light of the facts of that case and the actual application of the entire rule stated to those facts, surely shows that no such ruling was intended; as that no executive officer of a corporation is excluded from the Act, if he is paid on a month-to-month salary basis, regardless of the average annual amount received over a period of years. What was actually ruled (and all that could have been ruled on the facts presented) was that an employee (working on an hourly wage basis during the days his employer called him) was not excluded because he made $42.25 more than $3600.00 during the last year he worked, when he had worked for the same employer on the same basis for three years and his ''average annual earnings'' for the three years did not ''exceed three thousand six hundred dollars.'' (The cases discussed in the Klasing case were not cases under a statute providing ''average annual earnings'' as a basis for computation.) In other words, circumstances that would have taken Klasing out of the Act, because of the amount he received during the last year (that is to prevent his three years' earnings from being average to keep him in it), would have been a complete change of grade and method of pay (so as to employ him at a certain salary of more than $3600.00) before the last year started. [See Soars v. Soars-Lovelace, Inc., 346 Mo. 710, 142 S. W. (2d) 866.] Since he merely continued his third year on the same basis, there was nothing to prevent averaging his three years' earnings, in accordance with the statute, to keep him within the Act. However, in an employment lasting less than one year, or a change of grade and pay during the

last year, there would be no other years to use for averaging earnings; and that is undoubtedly what was meant by the quoted statement in the Klasing case.

"In applying cases which have been decided, what may have been said in the opinion should be confined to, and limited by, the facts of the case under consideration when the expressions relied upon were made, and should not be extended to cases where the facts are essentially different." [14 Am. Jur. 297, sec. 83, see also p. 291, sec. 79; also 21 C. J. S. 309, sec. 190, also p. 383, sec. 210; State ex rel. Robb v. Shain, 347 Mo. 928, 149 S. W. (2d) 812; West's Mo. Dig.—Courts 92.] The later cases, which have disapproved the much too broad quoted statements in the Klasing case, and applied the statute properly to other essentially different ·facts, have all distinguished that case on its facts from the situations they decided. [Soars v. Soars-Lovelace, ·Inc., supra; Morse v. Potosi Tie & Lumber Co., supra; Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 128 S. W. (2d) 1046; State ex rel. Mills v. Allen, 344 Mo. 743, 128 S. W. (2d) 1040.] It is clear that the rule actually applied in the Klasing case would have excluded Morse because his actual average earnings were more than $3600.00. Therefore, there is no real issue in this case of a change of construction of a statute. In this situation, no question of prospective or retrospective application is presented.

No other question is presented for review in plaintiffs' brief since the assignments of error do not specifically state any other matter, and all that appears under plaintiffs' points is the following: "Equity will grant relief when this Court gives unintentionally a retrospective effect to the overruling by it of a prior construction of the Missouri statute." [See Eisenbarth v. Powell Bros. Truck Lines (Mo.), 161 S. W. (2d) 263 (10-12), l. c. 268, and cases cited.] Although a claim of estoppel, as another ground of recovery, appeared in the pleadings, it is now abandoned.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.