**STATE of Missouri, Respondent,**

v.

**Walter JOHNSON, Appellant.**

No. 49350.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1962.

Lee Vertis Swinton, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

A jury found Walter Johnson guilty of attempted burglary and fixed his punishment at five years' imprisonment.

The circumstances of the offense were these: The first or ground floor of 2640 Prospect Avenue in Kansas City was occupied by Oscar Gibson where he did business as Avenue Cleaners. In the basement of the building Arrington B. Klice operated a pool hall. The entrance to the pool hall from the rear of the building is a stairway of ten or twelve steps in an areaway. At the top of the stairs there was a metal accordion-type door and at the bottom of the stairway there was a fire door. These two doors were locked from the inside and, as the defendant knew, the only access to the building from the rear was by a key and through the front door. On April 24, 1961, about 1 a. m., Klice locked the rear doors and closed the pool hall. Queenesta Buckley, who worked for Avenue Cleaners, lived at 2512 East 27th Street, and about 3 o'clock in the morning was awakened by a noise, she "thought someone was breaking in the back of my house." She looked through a window into the areaway at the rear of 2640 Prospect and saw a flashlight. Queenesta immediately called her employer, Gibson, and he called the police. The police arrived at 3:15 a. m., and found Johnson sitting on the last or next to the last step in the stairwell. The hasp and padlock had been pried or broken off the accordion door at the head of the stairs and "some hinge bolts removed from the door leading into the pool hall."

Johnson had been employed by Klice on a part-time basis, once or twice a week, to clean up the pool hall after it was closed and had a key to the front door. He told the police and Klice, however, that he was sitting there on the steps to get out of the rain. He saw that the folding gate had been pried loose, and he intended to burn a couple of barrels of trash about 5 o'clock and then call Klice and report the fact of the broken door but he was "awful tired" and fell asleep and was arrested before he had a chance to call. The police also found a flashlight, large pliers, a ball-peen hammer and a large screwdriver on the steps and in Johnson's pocket small pliers. Except for the small pliers Johnson denied any connection with these tools and of course denied that he had opened the accordion door or removed the hinge bolts from the fire door. But one of the officers in describing the arrest and finding of the tools said, "They were laying on the steps, underneath where Mr. Johnson was sitting. His legs covered them, as he was sitting down. * * * They were laying on the steps." And the officer said that the tools were lying beside the hinge bolts that had been removed from the door.

In these briefly narrated circumstances the state appropriately and in approved form charged Johnson with the offense of an attempt to commit burglary in the second degree. V.A.M.S. Secs. 560.070, 556.150; State v. Kiddoo, (Mo.) 354 S.W. 2d 883. Johnson denied possession or use of the tools, but they were implements that could have been employed in the uncompleted burglary (State v. Pigques, (Mo.) 310 S.W.2d 942) and in the circumstances described by the officer a jury could reasonably find that he was attempting to conceal them and circumstantially that he may have used them on the doors, therefore they were relevant and admissible in evidence. 12 C.J.S. Burglary § 51, p. 724. The latter evidence and the circumstances in general, as his presence at that particular time and place (12 C.J.S. Burglary § 11, p. 675), substantially support the jury's finding of the appellant's guilt. State v. Pigques, supra; State v. Whitaker, (Mo.) 275 S.W. 2d 322. There was allocution (Sup.Ct. Rule 27.09), the punishment authorized by law (V.A.M.S. Sec. 556.150; State v. Whitaker, supra), the defendant was represented by court-appointed counsel and was presen▪

throughout the proceedings (Sup.Ct. Rule 27.08) and there are no errors "upon the record" before the court. Sup.Ct. Rule 28.02. The third and remaining assignment of error in the motion for a new trial, that "the verdict is the result of the bias and prejudice of the jury," is lacking in detailed particularity (Sup.Ct. Rule 27.20) and does not present a reviewable question. State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327. Upon this record there is no prejudicial error and the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.