**STATE of Missouri, Respondent,**

v.

**Larry Edward STEAD, Appellant.**

**No. 55196.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

S. Richard Beitling and William S. Ferguson, Jr., Kansas City, for appellant.

MORGAN, Presiding Judge.

A jury found defendant guilty of the crime of burglary, second degree, and assessed his punishment at confinement for five years. He has appealed.

Defendant states in his brief, and the state agrees, that: "There is absolutely no argument concerning the facts of this case." Therefore, we will set out only such facts as are necessary to place defendant's two points on appeal in proper perspective.

A Kroger grocery store is located in a shopping center at 1010 Westport Road in Kansas City. To the rear of the customer area is a large storage room. There are

doors separating the storage room from the customer area as well as the loading dock further to the rear. All doors were secured when the store was closed on the evening in question. After midnight a neighbor saw five persons get out of a car near the loading dock and called the police. When they arrived, they apprehended two of the five near the dock and then entered the storage room. Inside, two others were arrested as was defendant when he was finally discovered lying on a steel girder or rafter with a flashlight in his hand. A brief case with burglary tools was found nearby. It is agreed that the lock and hasp on the loading dock door had been cut as had that on the door into the customer area. However, a steel bar across the latter door had kept it from opening enough to allow a person to enter the customer area.

The indictment, under which defendant was tried, alleged, in part, that all five persons did " . . . break into and enter a certain building to-wit: the storeroom of the Kroger Store . . . in which divers goods, wares, merchandise and valuable things were then and there kept . . . with felonious intent . . . to steal . . .." Section 560.070, RSMo 1969, V.A.M.S.

■ First, defendant submits, "There was no evidence in the trial that the storeroom in which defendant was found contained anything more than trash and empty soda pop bottles." From which, it is argued that such items were not within the classification of "goods, wares, merchandise and valuable things" designated in the quoted statute. As shown by the record, the prosecuting attorney sought to establish that "merchandise" was in the building. Defense counsel objected strenuously to questions propounded to the manager, which were obviously designed to establish this fact, upon the premise, that "It's prejudicial to my client, especially since there is no charge of stealing." After a rather extended conference with the court, the objection was sustained. The ruling was apparently based on the stipulation by defense counsel that there were "goods, wares and merchandise" in the building. It is now argued that the stipulation pertained only to the customer area and not to the storeroom. We need not set out all that portion of the record reflecting defense counsel's effort, nor speculate whether or not it was actually designed to avoid the claimed prejudice to defendant or to mislead the prosecuting attorney, for the reason the record shows the stipulation also extended to the "storeroom" which was the building designated in the indictment. A portion of the record reveals the following:

"The Court: That it's stipulated that that part of the indictment need not be proved, which recites that the goods, wares and merchandise and valuable things were in said building on February 29?

"[Defense Counsel]: That's stipulated.

\*    \*    \*    \*    \*    \*

"[Prosecuting Attorney]: . . . would you tell the jurors what, if anything, you kept stored in the storage room area?

"[Defense Counsel]: Your honor, I think we have stipulated that goods, wares and merchandise are located in this store. I feel that the question is improper considering the stipulation . . .."

As presented, the record reflects a valid stipulation which could be considered controlling and conclusive, State v. Fields, Mo., 434 S.W.2d 507; Burstein v. United States (8th Cir.), 232 F.2d 19; 83 C.J.S. Stipulations § 10f(7), p. 19; and 50 Am.Jur., Stipulations, Sec. 17, p. 617. However, to foreclose a contention that defense counsel's effort was not an acceptable trial tactic, we, also, base our ultimate answer on the established rule that the property in the building entered need not be of any particular value so long as it has some value. State v. Wurtz, Mo., 11 S.W.2d 1029; State v. Duncan, 336 Mo. 600, 80 S.W.2d 147. Notwithstanding the stipulation, an officer testified as to bottles and trash containers be-

ing in the storage room. Since they were of some value, the demands of Section 560.-070 were met. Whether or not the five also planned to enter the customer area, as suggested, does not preclude a finding that they had already committed the offense of second degree burglary by entering the storage room.

Second, it is argued that the state failed to prove that "defendant, when found in the storeroom of the shopping center, did not have a legal right to be at that location." This contention is erroneously bottomed on the principle found in circumstantial evidence cases that the "facts and circumstances" must not only be consistent with guilt but also inconsistent with innocence. State v. Smith, Mo., 357 S.W.2d 120, 123. As is readily apparent, the instant case is not a circumstantial evidence case in view of defendant being found inside the very building he was charged with burglarizing.

The judgment is affirmed.

All of the Judges concur.