STATE of Missouri, Respondent,

v.

Richard Eugene LOGAN, Appellant.

No. WD 30724.

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.
Rehearing Denied March 3, 1980.

James E. Conway, Boonville, for appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

Defendant Richard Eugene Logan was convicted upon jury trial of the crime of second-degree burglary, and under the Habitual Criminal Act was sentenced by the court to five years' imprisonment. From that judgment and sentence an appeal has been taken to this court.

We shall state only so much of the evidence as is necessary to present the issues upon the appeal.

The state's evidence tended to show that defendant during the early morning hours of August 20, 1978, broke the glass of the front door of the Boone Village Shopping Mall in Boonville and entered a hallway. This hallway ran from the front to the rear of the 5,000-square-foot building. Opening off the hallway were six separately-contained shops. Each shop had its own door onto the hallway, each of which was locked on the night in question. One might have gained entrance to the individual shops from the hallway over the top of the wall that separated the shops from the hallway. The walls were about seven feet in height, and it appears from the evidence that there was an open space of about seven inches between the top of the wall and the ceiling. The ceiling was made of lightweight panels resting in a grill, easily removable, and one could have gone up through the ceiling from the hallway and down through the ceiling into any of the stores. There was no evidence, though, of any effort to enter any of the individual stores.

. Located in the hallway was a table-tennis table and also movable benches, ashtrays and cleaning supplies.

## I.

■ Defendant's first complaint on appeal is that the information charges him in a single count, whereas he should have been charged in plural counts. The defendant filed a "motion to require the state to plead in counts". The court's action in overruling this motion is assigned as error.

The information charged defendant with having broken into a "retail store building . . . owned by (here the owners are named) and leased to (and here the names of the respective merchants are listed) with the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property of the aforesaid merchants then and there kept or deposited in the said building". Defendant's argument is that there should have been a separate count for each of the merchants whose property defendant is alleged to have intended to steal.

Defendant's point is denied.

(1) Supreme Court Rule 24.04 as in effect at the time in question, provided as follows:

"All offenses which are based on the same act or on two or more acts which are a part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts,

or in the same count when authorized by statute . . ."

(This provision is now contained in Supreme Court Rule 24.04(b).)

In the case before us, it was a single act of burglary charged against the defendant, the act of breaking and entering the building known as Boone Village Shopping Center. That several different persons owned property within the building, which might have been stolen, does not make it necessary to charge defendant with separate offenses in separate counts. The court correctly overruled defendant's "Motion to require the state to plead in counts".

## II.

Defendant's next point is that the court erred in overruling his motion for a directed verdict at the close of the state's case. Under this heading, defendant argues that the state's evidence established only an *attempted* burglary, not a completed burglary, since it did not show entry into any of the individual stores located in the building and opening from the hallway.

This point, too, is disallowed. The evidence shows a completed burglary, in that it shows a breaking and entry into the hallway portion, the common area, of the building. It is not necessary, in order to constitute a completed burglary, that any of the individual stores be broken and entered.

Defendant cites two cases in support of his position. The first is *State v. Pigques*, 310 S.W.2d 942 (Mo.1958). In that case, defendant had pried open two sliding wood doors, and was found between them and an inner door made of heavy-gauge wire mesh screening, recessed about one foot behind the wooden doors, beyond which was the interior of the building where merchandise was located. Defendant was convicted of attempted burglary. The conviction was upheld, as against a contention that he was guilty of a completed burglary, if anything, and not of an attempted burglary. The court viewed the wire mesh door as "an additional barrier securing the building from entry by one intending to steal". 310 S.W.2d at 945. The court likened the situation to *State v. McCall*, 4 Ala. 643, 39 Am. Dec. 314, where a defendant had forced the shutters outside a glass window of a dwelling house and had thrust in his hand, but the window itself remained fastened and unbroken. That act was held not to be a completed burglary.

The court in *Pigques* noted and distinguished the case of *State v. Whitaker*, 275 S.W.2d 316, 319 (Mo.1955), wherein one who had entered an attic through a broken window was found guilty of a completed burglary, although the attic was empty and in order to accomplish a theft he would have to go through a hatchway into a room below, where the goods were kept.

We think the *Whitaker* case is controlling in the present case, rather than *Pigques*. *See also*, for similar holdings, *People v. Jones*, 244 Cal.App.2d 378, 52 Cal.Rptr. 924, 926 (1966); and *Mobley v. State*, 130 Tex. Cr.R. 159, 92 S.W.2d 1038, 1039 (1936). Defendant also cites *State v. Johnson*, 361 S.W.2d 662 (Mo.1962) where a defendant had breached a folding gate at the top of a stairway leading downstairs to a pool hall and was found upon the stairs, near the bottom of the stairway. A fire door protected the pool hall entrance at the bottom of the stairway, and some hinge bolts had been pried off. The defendant was charged with and convicted of attempted burglary. The conviction was upheld, but so far as the opinion showed, no contention was made by defendant that he was wrongly charged with and convicted of an attempted rather than a completed burglary, and the court does not squarely deal with that issue. The opinion cannot be considered as authority for the proposition that the facts in that case constituted only an attempted burglary. "The rule of *stare decisis* is never properly invoked unless in the decision put forward as precedent the judicial mind has been applied to and passed upon the precise question." *Fletcher v. Scott*, 201 Minn. 609, 277 N.W. 270, 272, 114 A.L.R. 762, 764; 20 Am.Jur.2d Courts, § 190 (1965); 21 C.J.S. Courts § 186c, § 190 (1940).

It is possible also that *Johnson* involved a charge that the defendant attempted to

burglarize the pool hall itself, as opposed to the building containing the pool hall. The opinion is not clear on this point. *See Morse v. Consolidated Underwriters*, 349 Mo. 785, 163 S.W.2d 586, 587 (1942); *State v. Hughes*, 346 Mo. 938, 144 S.W.2d 84, 89–91 (1940).

For a conviction of second-degree burglary under § 560.070, RSMo 1969, it is necessary only to prove the breaking and entering of a building in which goods, wares and merchandise are kept or deposited, and that such breaking or entering was done with intent to steal *therein*, i. e., *in the building. State v. Lira*, 372 S.W.2d 80, 81–82 (Mo.1963); *State v. Pauley*, 515 S.W.2d 824, 825–826 (Mo.App.1974). It is not necessary to allege or prove what he intends to steal or whom it belongs to. *State v. Peterson*, 518 S.W.2d 1 (Mo.1974); *State v. Lawrence*, 566 S.W.2d 243 (Mo.App.1978). That would ordinarily be impossible. The culprit himself would in most cases have no such well-formed purpose. His purpose would be to steal whatever valuable property he might find and could asport by the means at hand.

For that reason, though the intent to steal must be proved as an element of the case, it may be proved by circumstantial evidence. The defendant's forced entry into the building, in the small hours of the morning, with no plausible explanation, is sufficient to prove prima facie an intent to steal. *State v. Whitaker, supra*, at 319; *State v. Peterson, supra; State v. Powell*, 357 S.W.2d 914, 917 (Mo.1962); *State v. Lawrence, supra* at 246–247; *State v. Smith*, 521 S.W.2d 38, 40 (Mo.App.1975); *State v. Pauley, supra.*

It is no defense to the defendant that the goods, wares and merchandise were inaccessible after defendant had gained access to the building. They might, for instance, have been locked up in a safe or vault, or in a locked room, or otherwise secured so that the burglar is frustrated in his purpose to steal. The inaccessibility of the goods, however, would be no defense to the charge of burglary. *Cf. Pinkney v. United States*, 380 F.2d 882 (5th Cir. 1967); *State v. Parker*, 501 S.W.2d 3 (Mo.1973); *State v. Haas*, 13 Or.App. 368, 510 P.2d 852 (1973).

While we have chosen to deal with the thesis that the presence of "goods, wares and merchandise" within the locked stores or shops within the building was sufficient to supply that element of second-degree burglary, the element is also supplied by the presence of certain items of property located in the hallway itself. There was evidence that there was located in the hallway a table-tennis table belonging to Gene Reagan, owner of Reagan's Sports Center, one of the stores on the mall. Also, the owners of the buildings had benches, ashtrays and cleaning supplies in the hallway. While it might be doubted that it was defendant's purpose to steal any of these items, but expected instead to steal merchandise located within the shops, still, as we have noted above, it is not necessary to prove what he expected to steal or whom it belonged to. *State v. Peterson, supra; State v. Lawrence, supra.* The evidence need only to show that there were "goods, wares and merchandise . . . kept or deposited [therein]". *State v. Stead*, 473 S.W.2d 714 (Mo.1971). The table-tennis table, benches, ashtrays and cleaning supplies met that description.

### III.

Defendant's third point is that the court erred in failing to give an instruction on attempted burglary. The foregoing holding that the evidence, if believed by the jury, showed the defendant to be guilty of a completed burglary rather than an attempted burglary, disposes also of the third point. There was no evidence of an attempted burglary which would have supported such an instruction. The court properly declined to give such an instruction, and the defendant's complaint is disallowed. § 556.160 RSMo 1969 (repealed by laws 1977, p. 658, Senate Bill No. 60, § 1, which enacts the Criminal Code effective January 1, 1979). *State v. Tyler*, 587 S.W.2d 918, 926 (Mo.

App.1979); *State v. Grant*, 394 S.W.2d 285, 289–290 (Mo.1965).

The judgment is affirmed.

All concur.