## C. T. MOBLEY v. THE STATE.

No. 18121. Delivered April 1, 1936.

The opinion states the case.

*Leo Darley,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only contention which appellant makes is that the evidence is insufficient to warrant and sustain the judgment of conviction. The record before us shows that on May 29th, A. D. 1935, the appellant, Cannon, and one Musick were discovered in the attic of an A & P store building located in the city of Dallas of which A. G. Vogel was the manager. An investigation of the premises disclosed that appellant and his companions had made an entrance through the roof of said

building, but no entrance had been made through the ceiling leading into the main building where the goods were stored.

Appellant's contention is that since he had not made any entrance through the ceiling, he was not guilty of burglary. We cannot agree with him. When they cut a hole through the roof into the building and entered it with the intent to steal some of the property therein located, they were guilty of burglary notwithstanding that they had not yet succeeded in reaching the place where the goods were stored. Suppose a building had three rooms; a front, a middle, and a back room; that the front and back rooms were empty but the middle room had valuable articles in it, and a party entered the back room by either breaking a window or opening a door, but before he had time to break into the middle room he was apprehended. Would he be guilty of burglary? Certainly, notwithstanding the fact that he had to open another door leading into the middle room before he reached the point where he could put his hands on the valuable articles. Appellant cites us to Corpus Juris, Vol. 9, p. 1020, which lays down the rule that an entry must be made into the house and not merely just some outside part of the house; and he also cites us to p. 1010 of said volume which lays down the rule that in order to constitute a breaking the action of the defendant must have been such as would, without additional effort, have made an entry possible. We agree with him that this is a correct rule of law, but it has no application to the instant case for the reason that the appellant and his companions had by force entered the building from the roof instead of through a door or wall. It is our opinion that the testimony is sufficient to justify and sustain appellant's conviction. We therefore affirm the judgment of the trial court.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.