**Billy HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39400.**

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 18, 1966.

Second Motion for Rehearing Denied June 22, 1966.

Ashton & Smith, by Robert O. Smith, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for burglary with a prior conviction for burglary alleged for enhancement; the punishment of twelve years was assessed by the court in accordance with the law.

The testimony reveals that the building of the R. C. Foster Mercantile Company was on May 5, 1965, forcibly entered through a door without the consent of R. C. Foster who then had possession of the building; that about $48 in money was taken from said building without the consent of R. C. Foster; and that the appellant at the time was and had been an outside salesman of the company.

Officer Kosser testified that after observing two men using a telephone in a booth in front of a store with their car parked in a dark place by the store he

stopped. These men were the appellant and William Thorp. While talking with them Kosser noticed that the rear seat of appellant's car was full of various clothing. The appellant explained that he was a salesman for Foster, and the appellant opened the door and showed Kosser his consignment records. From the outside of the car Kosser saw an axe on the floorboard between the rear and front seat. As they left, Kosser made note of the license number.

On passing Fosters about 4 a. m., May 5, Officer Vandermast saw a light through a door, and on investigating found that the door had been forcibly entered. The door facing and door were badly damaged which appeared to have been done with an axe. There were tire marks in front of the door and it appeared that a vehicle had been used to push the door open. When Foster arrived he stated that merchandise was missing and also about $45 in money.

During the investigation of the Foster burglary, Officer Wisian, upon getting Kosser's report, went to the appellant. The appellant voluntarily agreed to go to Fosters for an inventory check of the merchandise he had in the car with that consigned to him. During the inventory at Fosters, Wisian saw an axe in appellant's car, asked to see it and appellant handed it to him. Officer Wisian testified that the front door was badly damaged and it appeared to have been done with an axe; that he took the door, pieces of wood and the axe to the laboratory of the Department of Public Safety; that he compared the tread design on the tires on appellant's car with the tire marks on the concrete apron in front of Foster's store, and expressed the opinion that they were the same. The evidence further revealed that the paint on the wood and the paint on the axe were of the same color and type and could have come from the same source.

Officer Wisian testified that he gave the appellant the warning in accordance with the statute in effect on May 5, 1965, and also informed him of his right to consult counsel and offered him the right to do so, and the appellant made to him the following written statement which reads in part as follows:.

"My name is Billy Hill. * * * I met William Thorp at approximately 4:00 PM on 5-4-65 and we * * * rode around in my 1957 Mercury until sometime around 2:00 AM on 5-5-65, at which time we went to the R. C. Foster Mercantile Co. at 1802 E. 6th St. We went to this business place for the purpose of burglarizing it. As I drove up in front of the Foster Co. I tried to stop the car but the *breaks* did not hold and I ran into the front door. I backed away from the door and William Thorp took *a* ax from the back seat of the car and went to the front door of this building and started hitting it until he got it to open. Then we both went inside. I then went to the office in the front and took a blue plastic bag (the type used for bank deposits) from a filing cabinet. We then got into my Mercury and left. As we were driving around we divided the money that was in this plastic bag. My part of this money was between $13 and $15."

After a hearing in the absence of the jury on the issue of the voluntary nature of appellant's written statement, the trial court found that it was freely and voluntarily made.

The appellant, his attorney and the state's attorney in the absence of the jury stipulated that he was the same person previously convicted of burglary in the prior conviction alleged. Only the issue of appellant's guilt of the primary offense was submitted to the jury.

The appellant did not testify before the jury, but offered proof that the complaint charging him with burglary was filed in justice court May 6, 1965, which was Thursday, and that said court and two other jus-

tice courts in the city were usually open from 8 a. m., to 5 p. m., on weekdays.

■ The evidence is sufficient to support the conviction.

Appellant contends that the trial court erred in requiring him to state under oath whether his confession was true while he was testifying in the absence of the jury for the limited purpose of showing the facts surrounding the voluntariness of the confession.

This matter arose as follows:

State's Attorney:

"Q Billy (appellant), is that your signature?

"A Yes, sir.

"Q This is the confession that you made?

"A It is.

"Q And it is correct?

Appellant's Attorney: We object to that. I think it is not proper inquiry under the Lopez case.

The Court: I will overrule the objection.

Appellant's Attorney: Note our exception.

"Q Is that statement correct?

"A Yes, sir."

■ The objection is too general and indefinite and fails to specify any ground which the trial court could intelligently consider in passing upon the admissibility of the evidence and brings nothing forward for review.

Error is urged because of the refusal of the trial court to submit to the jury the issue of whether the appellant's illegal detention was the cause of or resulted in him making the confession.

The appellant did not testify before the jury.

Upon the request of Officer Wisian about 8 or 8:30 a. m., the appellant voluntarily went to Fosters to check his inventory of the clothing consigned to him. After about forty minutes at Fosters, the appellant consented to go to the police station. After examining the paint on the axe which appellant had voluntarily handed to Wisian along with the comparison of the tire marks, the appellant was arrested about 10:30 or 11 a. m. At this time appellant consented to take a lie detector test, and a date was made for the test at 1:30 p. m. Following the test the appellant was returned to the police station where he was given the statutory warning pertaining to the making of a written statement and also told of his right to consult counsel which is included in the written warning and offered time to do so, and at 4:41 p. m., he made a written statement as herein shown to Officer Wisian.

There is no evidence of any causal connection between the detention of the appellant and the making of the written statement. The detention bears only upon the fact question of the voluntariness of the written statement.

The court charged the jury that if they had a reasonable doubt as to whether the appellant freely and voluntarily made the confession, without compulsion or persuasion, not to consider it for any purpose.

■ The refusal of the court to charge the jury as requested was not error.

By formal bill of exception it is contended that after appellant requested that the state be required to make an opening statement, the court refused to require the state to make a complete opening statement to the jury of the proof it would introduce, and that the statement made did not sufficiently apprise the appellant of the evidence the state would offer.

In support of his bill the appellant contends that the failure to include the pieces of painted wood and an axe in his opening statement unfairly surprised the appellant of the evidence the state would offer.

■ While at the Foster building checking his inventory against the consignment, the appellant voluntarily handed Officer Wisian the axe. The nature and manner of the force used and the damage done to the door in effecting entry of the building was obviously visible to the appellant during the time he was at the building. No injury to the appellant is disclosed from the record, and in the absence of injury, the failure to include the objects named among other facts in the opening statement is not ground for reversal. Art. 642, C.C.P., Note 21–22.

Complaint is made of the admission in evidence of the axe over appellant's objection that it was seized while he was under illegal arrest.

■ The evidence reveals that the appellant voluntarily agreed to go to Fosters for a check on the merchandise he had in his car with that consigned to him. During the process of checking the material, Officer Wisian, from the outside of appellant's car which had the door open, saw an axe in the car. Wisian asked to see the axe and the appellant handed it to him. The admission of the axe in evidence was not error.

■ It is contended that the enhancement paragraph alleging the prior conviction is fatally defective because the prior conviction was alleged to have been in a non-existent court.

The enhancement paragraph alleged that the prior conviction was "in the District Court of Travis County, Texas, in Cause No. 31,350."

In the absence of the jury and before the indictment was read to the jury, the appellant in person and by his attorney agreed and stipulated that he was the person duly and legally convicted of burglary alleged in the enhancement paragraph, and which had become final prior to the commission of the primary offense alleged.

The enhancement paragraph was not read to the jury, and no evidence was offered to support it.

This contention, under the record, presents no error.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

Rehearing denied.

### DISSENTING OPINION

MORRISON, Judge.

My Brethren overrule appellant's motion for rehearing without written opinion. After further study of this record I cannot bring myself to join in such action. In our original opinion we held the objection to be too general and indefinite. I have now concluded that since the Lopez case is a recent landmark case in our criminal jurisprudence relating to confessions, the objection of appellant's counsel was sufficient to inform the trial court of his reasons for objecting. See Lopez v. State, Tex.Cr.App., 384 S.W.2d 345. The error is very serious in this case, because, as I see it, the only logical construction of the prosecutor's question was whether the confession spoke the truth. It would be placing a severe burden upon the trial court to call upon him to rule a confession inadmissible as a matter of law after the accused had testified that the confession was true.

I respectfully dissent.