**Charles Edward HARDIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42604.**

Court of Criminal Appeals of Texas.

April 8, 1970.

Brantley Pringle, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Ronald W. Quillin, John Brady and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the theft of an automobile of the value of more than $50.00. Two prior convictions for felonies less than capital were alleged for enhancement under Article 63, V.A.P.C.; the punishment was assessed at life.

The State's testimony reflects that a 1967 Mercury Cougar automobile of the value of $2,500.00 was taken without the consent of Gale Marshall, the owner, from a parking lot near where she was employed. On the same day that the automobile was stolen, appellant was identified as a participant in the robbery of an A & P Store within a mile and a half from the parking lot, and the robbers used the automobile to get away from the scene of the robbery.[1] The robbers were pursued by employees of the store. A short time later, the automobile was found abandoned with the motor running and with a yellow jumper wire connected for ignition. When appellant was arrested in a motel room, a 9 millimeter pistol, which was shown to have been fired during the robbery, and a yellow jumper wire similar to the one attached to the stolen vehicle were found.

The sufficiency of the evidence is not challenged.

Appellant's first contention is that the trial court denied his motion for discovery.

In this motion, appellant requested the court to order the State to provide him, among other things, with the following:

"7. * * * [c]opies of the arrest records, the Offense Reports, and any and all other records and photographs prepared by the Police Department in their investigation of the case."

The court stated at the hearing on the motion for discovery:

"Counsel, * * * if you have anything in particular you want to look at, we will see that you get to look at it, but this shotgun motion, if you will spell out what you want to see, and if the State's got it, we will surely see that you see it,"

and the court later stated: "Well, if you will spell out what you want to see, I will see that you see it."

Appellant's counsel said, "Your Honor, if I knew what it was, I wouldn't have to see it."

The record does not show that appellant then specified any particular items that he wanted to see.

In his appellate brief, complaint is made because two photographs were introduced. These showed two separate bullet holes in the floor of the store that was robbed.

Appellant did not object to the photographs on the ground that he was not permitted to examine the photographs before they were introduced. Assuming that appellant did not see the photographs prior to trial, no harm has been shown.

In Smith v. State, Tex.Cr.App., 409 S.W.2d 408, this Court held that a motion for discovery cannot be too broad. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807, held that a request for a production of all statements and documents or other evidence in possession of the district attorney was too broad.

There is no showing that the items sought were material to his defense or material in the assessment of punishment as required by Bell v. State, Tex.Cr.App., 442 S.W.2d 716. See Overton v. United States, 403 F. 2d 444 (5th Cir. 1968).

In Young v. State, Tex.Cr.App., 398 S.W. 2d 572, the trial court had made available, upon request, any specifically requested document in the State's possession. This Court held the court could do no more, and it remained for appellant to enumerate the items or documents desired.

No error has been shown; the first ground of error is overruled.

In the second ground of error, appellant complains that the trial court should have disqualified himself because he had presided at another trial where appellant

---

1. This is the same robbery for which the co-indictee was convicted. See Chamberlain v. State, Tex.Cr.App., 453 S.W.2d 490, for further discussion of the facts.

had been brought into the courtroom for identification purposes.

No statutory or other ground is alleged, or shown, that would require the judge to disqualify himself. No error is shown; the second ground of error is overruled.

 In his third ground of error, appellant contends that the pistol and jumper wire found in the motel room at the time of his arrest were the result of an unreasonable search and seizure and should not have been introduced into evidence.

This contention, based on the same arrest, has been considered and answered adversely to appellant in Hardin v. State, Tex.Cr. App., 453 S.W.2d 156 (this day decided). The third ground of error is overruled.

There being no reversible error, the judgment is affirmed.