Herbert Earl CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 43951.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

R. L. Middleton, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for burglary with intent to commit theft. The punishment was assessed by the jury at eight years.

The sole complaint is that the trial court erred in admitting into evidence incriminating statements made by the appellant to a special police officer at the time of the arrest. Appellant contends that such statements were made while he was under arrest and prior to his being given the statutory and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, warnings.

At the trial Everett Gorman testified that he was employed by a private patrol company and that in the early morning hours of January 2, 1970, he answered a call in response to a silent burglar alarm. He testified that when he arrived at the scene he observed that a hole had been knocked in the concrete block wall at the rear of the building and that shortly thereafter he observed someone running down an alley away from the building. The testimony then proceeded as follows:

"Q. (By prosecutor) Okay. What did you do at that point?

"A. I asked the subject to stop.

"Q. And what did he do?

"A. To halt and he did.

"Q. All right. Could you all see each other?

"A. Yes, sir.

"Q. Okay. And what did you do at that point?

"A. I asked him to go back to the front of the store of the building.

"Q. All right. And what did he say?

"A. He said, 'What building?' I said, 'The one you came out of.'

"Q. All right, sir. And what did you say at that point?

"A. And I said, 'Go on to the front of the building,' and I asked him, I said, 'You did come out of the store,' and he said, 'Yes.'

"Q. He admitted to you that he came out of the store?

"A. Yes, sir.

"Q. And where did you all go at that point?

"A. We went to the front of the store, went back south."

Gorman then identified appellant as the man he had stopped.

The entire cross-examination of the same witness is as follows:

"Q. (By defense counsel) Referring your attention there to the alley when you had first stopped the suspect, would you again tell what the conversation was that you had between yourself and the man?

"A. I asked him to stop which he did. I told him to go to the front of the store, he did. We went to the front of the store.

"Q. Now, didn't you on direct examination there say that you said, 'Go back to the building where you came from,' and he said, 'What building?' and so forth?

"A. Yes, sir.

"Q. He denied it at that point, didn't he?

"A. No, sir, he sure did not.

"Q. Well, now you are saying he didn't deny it or he just walked back to the building when you ordered him to?

"A. No, he told me—I asked him if he came out of the building and he said, 'Yes.'

"Q. He did, did he admit to you that he did?

"A. Yes, sir.

"Q. Was that there in the alley way or in the front of the building?

"A. Where I stopped him in the alley.

"Q. Now, these things that you describe, the brown bag and watches and claw-hammer, did you observe them on him personally?

"A. Yes, sir.

"Q. All right. No further questions."

No objection was made to the testimony at the time it was given or at any time prior to appeal. Appellant argues that the testimony amounted to the admission of an oral confession in violation of Article 38.22, Vernon's Ann.C.C.P., and Miranda v. Arizona, supra, and that such amounts to fundamental error.

Absent objections, or a showing that appellant did not have an opportunity to object, at the time the evidence was offered the complaint is not properly before us for review. Brown v. State, Tex. Cr.App., 460 S.W.2d 925; Mason v. State, Tex.Cr.App., 459 S.W.2d 855. See 5 Tex. Jur.2d, Section 39, page 61, and the cases collated under Texas Digest, Criminal Law, Section 693.

There being no reversible error, the judgment is affirmed.