**Robert Theodore HENDRIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44201.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 11, 1972.

Jordan, Ramsey & Bradley by Scott Bradley, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Two prior felony offenses were alleged under Article 63, Vernon's Ann.P.C., for enhancement. The punishment was assessed at life.

The sufficiency of the evidence is challenged. A summary of the facts is adopted from the State's brief (references to the page numbers of the record are omitted):

"The testimony reveals that on July 23, 1968, at approximately 4:00 A.M., Patrolman Sherman A. Long of the Dallas, Texas Police Department, and his partner, Melton Johns, heard an audible burglar alarm sounding at Moore's Grocery Store at 5914 Bexar Street in Dallas, Texas. While Johns went to the front of the store, Long went to the rear. As Long ran toward the rear of the store, he heard the sound of wood breaking, saw a man (who Long identified as the appellant) stick his head around the corner, look at him, jerk his head back and run. As Long approached the rear door of the store, he saw the appellant with his leg stuck through a hole in the door, and another man (Ovie Richardson) who raised his hands when he saw Long. Long then held his gun on the men until Johns arrived, at which time they were handcuffed, placed in the squad car and 'taken downtown' and 'booked in.'

"Avolette G. Moore, owner of Moore's Grocery Store at 5914 Bexar Street in Dallas, Texas testified that on July 22, 1968, at 9:00 P.M. he locked and secured his store and activated the burglar alarm. The burglar alarm attached to the rear door consisted of mesh wire that covered the entire door with the wire about 2 inches apart. When one of the circuits is broken, the alarm goes off. The door consisted of heavy wood with metal (to make it rot proof) around the edges and was in good shape and had no holes in it when Moore left on the evening of July 22, 1968. In response to a phone call at about 3:00 A.M. on July 23, 1968, Moore went to his store where he discovered that the upper part of the rear door had been kicked in. Moore further testified that he did not

give the appellant or anyone permission to enter his store."

■ Appellant contends that the proof was insufficient to show that Moore owned the building. Moore testified that he operated a grocery and liquor store in and owned the building at 5914 Bexar Street in Dallas, the same location where the officers testified they arrested the appellant. This contention is without merit.

■ He further contends that the proof does not show that an entry was made into the building.

Article 1393, V.A.P.C., concerning the entry for burglary, provides, in part:  ⸱

"The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft * * * or by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced."

Taylor v. State, 159 Tex.Cr.R. 441, 264 S.W.2d 115, held that an entry under Article 1393, supra, was accomplished by the sticking of the accused's hand through a hole he had knocked in the door.

In Turner v. State, 165 Tex.Cr.R. 106, 303 S.W.2d 386, it was held that the introduction of Turner's hand into the space between the ceiling and the roof of a store after a hole was cut in the roof was sufficient to constitute entry. Cf. Russell v. State, 158 Tex.Cr.R. 350, 255 S.W.2d 881.

The evidence in the present case is sufficient to show an entry.

Complaint is made of the testimony of Officer Starling about the arrest of the appellant when he testified that appellant gave a different name and stated that he was eighteen years of age. Starling was then asked if he filed the case personally. He answered that he did not.

■ Appellant's counsel then, for the first time, objected to what the defendant said. The court overruled the objection. No timely objection was made. Failure to make a timely objection to the admission of evidence absent a showing of no opportunity to object waives error. See Clark v. State, Tex.Cr.App., 470 S.W.2d 869; Jones v. State, Tex.Cr.App., 388 S.W.2d 429; James v. State, 169 Tex.Cr.R. 526, 335 S. W.2d 603, and 5 Tex.Jur.2d, Section 39.

■ The appellant also complains of the admission into evidence of an instrument (apparently an offense report) which bore the name Charles Thomas and appellant's name. Appellant's name was not written in the space provided for the person accused. This exhibit was introduced as State's Exhibit No. 1 and Defendant's Exhibit No. 13. A similar, or the same, instrument was introduced as Defendant's Exhibit No. 3. After a question arose about the name appellant gave the officer at the time of his arrest the State offered the instrument before the court only. Appellant's counsel stated that he had no objection to this offer. There is no showing that these were exhibited to the jury at this time. Later, on redirect examination, the officer was asked to compare the exhibits to see if one was a Xerox or other type copy of the other. Appellant's counsel then stated it was up to the jury to decide if one exhibit was a copy of another, and if a comparison were made, he would prefer that the jury do it. Upon the instruction by the court, the exhibits were handed to the jury. Appellant's counsel then stated that he excepted to the ruling of the court. Other discussion concerning the exhibits covers many pages. The record does not disclose just what the appellant was objecting to.

In view of the statement of appellant's counsel that he would prefer that the jury compare the instruments and in the absence of a specific objection, no reversible error has been shown.

■ Complaint is made that the prosecutor commented on the failure of the appellant to testify when he argued:

"All though his trial we are talking about maps, and where everything was, and paths and gates and things like that, and all of the time I thought, well, this is confusing, but certainly it will be tied up later, there will be other testimony somewhere that will bring out all of this into the main picture. No testimony, we don't know where the defendant was—"

The appellant's counsel objected that this violated the court's instruction. The objection was overruled. No objection was made that this was a comment on the fact that the appellant did not testify. Absent an objection on the ground now urged, the matter cannot be considered on appeal. Hill v. State, Tex.Cr.App., 403 S.W.2d 421. See Ingram v. State, Tex.Cr.App., 363 S. W.2d 284.

■ It is contended that reversible error was committed when the prosecutor argued that he represented the people of the State of Texas and if the jurors turn a guilty man loose that they and the people they represent, the other citizens of Dallas County, suffer, "[a]nd people talk about it, you hear the hue and cry everywhere, you wonder why things like this are all happening all of this—."

Appellant's counsel objected to "that as being a call to tell the jury what the community wants—" and that it was outside the record. The objection was overruled.

This argument does not amount to a statement that the community wished this particular appellant to be convicted. Such statements have been held to be reversible error. Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262; Porter v. State, 154 Tex. Cr.R. 252, 226 S.W.2d 435; Peysen v. State, 136 Tex.Cr.R. 127, 124 S.W.2d 137. Viewing the complained of argument in light of the entire argument made, we con-

clude it to be a proper plea for law enforcement and does not constitute reversible error.[1] See Smith v. State, Tex.Cr. App., 418 S.W.2d 683, and Harrington v. State, Tex.Cr.App., 424 S.W.2d 237.

■ It is contended that the court erred in refusing to allow appellant's request to examine the State's file. He asked to inspect any photographs, fingerprints or other physical evidence gathered at the scene of the crime.

The court conducted a hearing outside the presence of the jury to determine if there was anything beneficial to the defense and denied the motion.

No photographs were introduced at the trial. After the fingerprints in the records of the prior convictions were introduced at the penalty stage of the trial, there has been no claim of error or misidentification based thereon. No harm has been shown. See Hardin v. State, Tex.Cr.App., 453 S. W.2d 158, and the cases there cited.

■ Complaint is also made because a set of fingerprints were taken from the appellant the morning of the trial without notice to counsel. No objection was made when Officer Crome testified that he had compared the fingerprints with those in appellant's file and thereby obtained appellant's true name.

The taking of fingerprints at the time of or during trial for comparison purposes has been held proper by this Court in several cases and this does not violate Fifth Amendment rights. Franklin v. State, Tex.Cr.App., 457 S.W.2d 53; McKenzie v. State, Tex.Cr.App., 450 S.W.2d 67; Price v. State, Tex.Cr.App., 449 S.W.2d 73.

No reversible error has been shown.

The judgment is affirmed.

MORRISON, J., not participating.

---

1. This opinion should not be construed as condoning argument that the community would criticize the jury in a particular case if a verdict desired by the State was not returned.