NO. 07-12-00079-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2013

DARIN WILLIAM MCQUITTY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 22,434-B; HONORABLE JOHN B. BOARD, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Darin William McQuitty, was convicted by a jury of the offense of aggravated kidnapping,[1] and sentenced to 85 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. Appellant presents four issues for our review: (1) the sufficiency of the evidence, (2) appellant's entitlement to a voluntary release instruction during punishment, (3) the exclusion of the testimony of an attorney that represented appellant on a previous assault charge, and (4) the propriety of the State's closing argument.

---

[1] See TEX. PENAL CODE ANN. § 20.04 (West 2011).

Because appellant challenges the sufficiency of the evidence to support his conviction for aggravated kidnapping, we will discuss the relevant evidence in our analysis of appellant's issues.

Sufficiency

By his first issue, appellant contends that the evidence is insufficient to support the jury's finding that appellant committed the offense of aggravated kidnapping. The basis of appellant's contention is that there was evidence that the victim, Tiffany Fisher, was with appellant willingly and that, even if she had not been with appellant willingly, she had numerous opportunities to escape.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d

2

404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

As indicted, for the State to prove that appellant committed the offense of aggravated kidnapping, it had to prove that appellant, with intent to violate or sexually abuse Fisher or with the intent to terrorize Fisher, intentionally or knowingly abducted Fisher by restricting Fisher's movement by moving her from one place to another or confining her without her consent, with the intention of preventing her liberation, by secreting or holding Fisher in a place where she was not likely to be found. See TEX. PENAL CODE ANN. § 20.04(a)(4), (5).

While the evidence did indicate that Fisher might have had multiple opportunities to escape from appellant, the evidence also supported the jury's implied finding that appellant's threats and actions were enough to terrorize Fisher to an extent sufficient to prevent her from attempting to escape. Fisher testified that appellant physically assaulted her multiple times throughout the period of April 10 through April 18, 2011, including assaults utilizing his hands, a shoe, and his belt. She further testified that the assaults were such that she thought that appellant was trying to kill her. By the end of this period, Fisher had sustained injuries so severe that she had to remain in the hospital for nine days. Fisher testified that she did not attempt to escape because appellant had threatened to kill her and harm her children. This fear was the result of multiple specific threats, including: (1) if Fisher did not obey appellant, one of her

3

children would die, another would be in a car wreck, and another would be raped; (2) if she did not obey appellant, she would "lose" her children;[2] (3) before entering a store, appellant told Fisher, if she tried anything, she would not leave the store and that it would not matter who tried to interfere; and (4) that appellant had a gun and was going to shoot her with it.  Fisher also testified that, when she was afforded opportunities to escape, she was afraid that appellant would find her.  We conclude that appellant's threats, when considered in light of his repeated assaultive conduct, were sufficient to terrorize Fisher and prevent her from availing herself of opportunities to escape.  Certainly, we conclude that there was sufficient evidence presented to allow a rational jury to conclude that Fisher did not willingly accompany appellant during the period of April 10 through April 18, 2011.  See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.  Rather, the jury's finding that appellant was guilty of aggravated kidnapping is supported by sufficient evidence.  We overrule appellant's first issue.

## Voluntary Release Instruction

By his second issue, appellant contends that the trial court erred in denying appellant's request for a voluntary release jury instruction during punishment.  Appellant's argument in support of this issue is that he "voluntarily released" Fisher on each of the instances in which she was afforded the opportunity to escape as well as by his taking Fisher to a hospital parking lot and leaving the vehicle unlocked.

---

[2] Because of prior involvement by Children's Protective Service, this threat may have been a threat regarding Fisher's custody of her children.  However, considering all of the circumstances that were evidenced, it would be reasonable for the jury to conclude that this was a threat to the children's lives.

After having been found guilty of aggravated kidnapping, during punishment, a defendant may raise the issue of whether he voluntarily released the victim in a safe place. TEX. PENAL CODE ANN. § 20.04(d). However, to be entitled to a jury instruction on the issue of voluntary release, the defendant must present evidence that raises the issue and request a voluntary release instruction or object to the absence of such an instruction in the charge on punishment. See Posey v. State, 966 S.W.2d 57, 63 (Tex.Crim.App. 1998). In assessing whether the evidence raised the issue, we should focus on the defendant's conduct. See Carreon v. State, 63 S.W.3d 37, 39 (Tex.App.—Texarkana 2001, pet. ref'd). A defendant is entitled to an instruction on voluntary release in a safe place only when he performed "some overt and affirmative act that informs the victim that he has been fully released from captivity. . . ." Ballard v. State, 193 S.W.3d 916, 919 (Tex.Crim.App. 2006) (citing, with approval, Carreon, 63 S.W.3d at 39-40). Further, "'voluntary release' does not include [the] rescue or escape [of the victim]." Id.; Brown v. State, 98 S.W.3d 180, 188 (Tex.Crim.App. 2003).

Appellant premises his contention that the trial court erred in denying his request for a voluntary release in a safe place instruction on the multiple instances during the relevant period when Fisher was outside of appellant's immediate presence, often with the use of her vehicle, as constituting voluntary release. A similar argument was asserted by the appellant in Ballard. In that instance, the kidnapper left the victim in her own car while he went into a grocery store. Ballard, 193 S.W.3d at 919. The victim testified that "she thought she was free to go and no longer felt as though she was in danger." Id. However, the Texas Court of Criminal Appeals affirmed the Texarkana court's conclusion that such actions by the kidnapper did not constitute the voluntary

release of the victim in a safe place. Id. at 919-20. Further, the Court went on to say that, even if the victim had driven away, "her actions would have constituted an escape, another contra-indication of voluntary release." Id. at 919.

In the present case, appellant contends that Fisher had multiple opportunities to escape and, therefore, the trial court should have instructed the jury in the punishment charge on the defense of voluntary release in a safe place. However, as in Ballard, a victim's escape precludes a determination that she was voluntarily released. Id. Additionally, focusing on appellant's conduct, as we must, appellant failed to perform any overt and affirmative act that would have informed Fisher that appellant was fully releasing her from captivity. See id. To the contrary, even when appellant was not in Fisher's immediate proximity, appellant continued to restrict Fisher's movements through his threats to Fisher and her children. See Ballard v. State, 161 S.W.3d 269, 276 (Tex.App.—Texarkana 2005), aff'd, 193 S.W.3d at 919-20.

Likewise, the evidence does not raise the issue of voluntary release based on appellant taking Fisher to the hospital parking lot and leaving the vehicle unlocked. There was evidence presented that appellant was in the hospital parking lot because he had a doctor's appointment scheduled for the morning of April 18 near the hospital. Further, when Fisher came to in the vehicle, appellant was asleep. He did not inform Fisher that she was free to leave. Additionally, according to Fisher, appellant had told Fisher that he had a gun under the driver's seat of the vehicle earlier in the morning of April 18. As above, the circumstances are more consistent with Fisher having an opportunity to escape captivity rather than appellant voluntarily releasing Fisher. See

6

Ballard, 193 S.W.3d at 919. It is clear from our review of the evidence that appellant sleeping while Fisher was left in an unlocked vehicle that was in a hospital parking lot did not constitute an "overt and affirmative act that informs the victim that he has been fully released from captivity. . . ." Id.

The evidence in the record before this Court does not raise the issue of whether appellant voluntarily released Fisher in a safe place. As such, the trial court did not err in denying appellant's request for a voluntary release instruction in the charge to the jury on punishment. Consequently, we overrule appellant's second issue.

Testimony of Prior Attorney

By his third issue, appellant contends that the trial court denied him his due process rights by not permitting appellant's attorney in a prior assault case to testify about his observations and conversations with Fisher without waiving the attorney-client privilege to all other aspects of that representation.[3] On the record, appellant waived the attorney-client privilege with respect to this prior assault case, but the attorney invoked his privilege with regard to attorney work product.

"Almost every right, constitutional or statutory, may be waived by a failure to object." Salinas v. State, 88 S.W.3d 677, 683 (Tex.App.—San Antonio 2002, no pet.) (citing Smith v. State, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986)). Even where a defendant objects, the defendant's subsequent acquiescence in a contrary ruling by the

---

[3] While appellant's issue relates only to the exclusion of the testimony of prior counsel, appellant's argument also complains of the exclusion of similar testimony of an agent of prior counsel's. However, our analysis of the exclusion of prior counsel's testimony is identical to the analysis that would apply to the exclusion of the testimony of prior counsel's agent.

trial court will waive the objection. See Maldonado v. State, No. 04-06-00755-CR, 2008 Tex.App. LEXIS 1389, at *13-14 (Tex.App.—San Antonio Feb. 27, 2008, no pet.) (mem. op., not designated for publication); Salinas, 88 S.W.3d at 683. The failure to make a timely objection to the admission or exclusion of evidence waives error. Hendrix v. State, 474 S.W.2d 230, 232 (Tex.Crim.App. 1971).

In the present case, the possibility that the attorney-client privilege might impact prior counsel's testimony was raised by the trial court before the attorney was called as a witness. In a hearing held outside of the presence of the jury, appellant waived his right to the attorney-client privilege as it related to his prior counsel's interactions with Fisher. However, appellant's former counsel invoked his privilege against disclosing his attorney work product. After an extensive discussion between appellant's counsel, the attorney for the State, and the trial court, appellant's counsel stated that, "I think [prior counsel has] invoked his right to work product, which . . . I think he has the right to do. So with that being said . . . I think I'm going to move on to my next witness."

We conclude that appellant waived his third issue. Initially, we note that appellant never presented a specific objection to the exclusion of prior counsel's testimony. See TEX. R. APP. P. 33.1(a)(1)(A). Even were we to conclude that the grounds of appellant's objection are apparent from the context, see id., there was no discussion or other indication that appellant was alleging that the exclusion of his prior counsel's testimony denied appellant due process. See Clark v. State, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012) (issue on appeal must comport with objection made at trial). In addition, after the discussion regarding prior counsel's testimony, appellant

8

acquiesced to the trial court's ruling by stating that he would "move on to my next witness." See Maldonado, 2008 Tex.App. LEXIS 1389, at *13-14; Salinas, 88 S.W.3d at 683. Consequently, we overrule appellant's third issue.[4]

## Improper Jury Argument

By his fourth issue, appellant contends that his due process rights were violated when the State, in closing argument, referenced other notorious kidnapping cases. Specifically, the State made a passing reference to the kidnappings of Elizabeth Smart and Jaycee Dugard.

As mentioned in regard to the previous issue, almost every right, constitutional or statutory, may be waived by a failure to object. Salinas, 88 S.W.3d at 683 (citing Smith, 721 S.W.2d at 855). A defendant's failure to object to a jury argument forfeits his right to complain about the argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); see Threadgill v. State, 146 S.W.3d 654, 670 (Tex.Crim.App. 2004) (reaffirming that the objection requirement of Cockrell remains the law).

---

[4] We also note that any error in the trial court's exclusion of the testimony of the prior attorney's and his agent's observations and interactions with Fisher were rendered harmless by the admission of the testimony of Ryan McQuitty, appellant's nephew. McQuitty testified that he ate dinner with appellant and Fisher on the evening of April 15, 2011, which was after Fisher's interaction with both appellant's prior counsel and counsel's agent. McQuitty testified that he did not observe any bruising or swelling on Fisher, Fisher interacted normally during the dinner, and showed signs of affection toward appellant. See Semere v. State, No. 01-11-00482-CR, 2012 Tex.App. LEXIS 4363, at *7-8 (Tex.App.—Houston [1st Dist.] May 31, 2012, no pet.) (mem. op., not designated for publication) ("Generally, any harm in the improper exclusion of evidence is cured by admission of the same or similar evidence elsewhere during trial.").

During trial, appellant raised no objection to the State's closing argument. Consequently, any improper jury argument by the State has been waived by appellant. Appellant's fourth issue is overruled.

## Conclusion

Having overruled each of appellant's four issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.